UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

United States District Court
Southern District of Texas
ENTERED

OCT 1 4 1998

Michael N. Milby, Clerk of Court
By Deputy Clerk

JOSE C. RODRIGUEZ                    *

         VS                         *    C.A. NO. B97 085

GARY L. JOHNSON, DIRECTOR            *
TEXAS DEPARTMENT OF CRIMINAL
JUSTICE, INSTITUTIONAL DIVISION

------------------------

JOSE C. RODRIGUEZ, Pro Se

Attorney General (Idolina "Dolly" Garcia, Assistant Attorney
General), Attorney for Respondent

------------------------

## MEMORANDUM ORDER

------------------------

Before this Court is Respondent's Motion for Summary Judgment,
and Petitioner's opposition to same.   This Court has read the
parties' pleadings, reviewed the State court records   and
considered the issues raised in light of the record applicable law,
and is of the opinion that the Respondent's Motion to Dismiss
should be granted.

In support of the aforementioned conclusion, this Court files the following findings of fact and conclusions of law.

1. Petitioner, JOSE C. RODRIGUEZ, was charged by indictment with the first-degree felony offense of murder, to which he entered a plea of not guilty. A jury trial was held and on May 10, 1990, the jury found Petitioner "guilty of the offense of murder, as alleged in the Indictment." Thereafter, the jury assessed punishment at life to be served the Texas Department of Criminal Justice, Institutional Division, and a $3,000.00 fine.

2. Petitioner appealed the judgment of the trial court to the Court of Appeals in the Thirteenth District of Texas, which affirmed the trial court's decision in an unpublished opinion on February 14, 1991. <u>Rodriguez v. State of Texas</u>, No. 13-90-221-CR, slip op. at 3. RODRIGUEZ did not file a petition for discretionary review with the Texas Court of Criminal Appeals. Instead, Petitioner has filed one application for a state writ of habeas corpus. On February 3, 1993, the Texas Court of Criminal Appeals denied Petitioner's application without written order.

3.   In the present proceedings, initiated on April 21, 1997,

     Petitioner claims that:

     (1)  He was denied effective assistance of counsel;
          and

     (2)  The court of appeals erred in its opinion as
          to the fact that it was the trial court and
          not the petitioner that stated petitioner was
          unable to speak English.

4.1  Petitioner argues that his trial counsel was ineffective

     for failing to file a motion for appointment of an

     interpreter, and failing to request that an interpreter

     be present during the guilt/innocence phase of the trial

     to secure Petitioner's right to confront witnesses

     against him.

4.2  The argument is negated by the fact that an interpreter

     was present during Petitioner's trial proceedings.

4.3  See IV S.R. 56.

           THE COURT:        Does the next witness speak English?

           MR. CYGANIEWICZ:  Yes, sir.  He may be more comfortable with an
                             interpreter.  I would like to ask him.

           Q: (By the state): Mr. Garcia do you need the assistance of an
                             interpreter?

           A:                No.

           Q:                Thank you.

           THE COURT:        You may go.  They need her downstairs and I
                             wanted to be sure before she left.

```
MR. CYGANIEWICZ:    Our next witness will need an interpreter,
                    Your Honor.

THE INTERPRETER:    Okay.  Call me.

THE COURT:          All right.

THE INTERPRETER:    Thank you.
```

5.1  In his state appeal, Petitioner conceded that the interpreter was present to translate the indictment, and during the testimony of most of the witnesses.  <u>See</u> Appellant's Brief at 13.  Petitioner only alleged that the interpreter was not available to translate the testimony of state's witness, Jose Antonio Garcia.  <u>Id.</u> Petitioner argued that the testimony of Garcia contradicted his testimony regarding self-defense.

5.2  The state court of appeals rejected Petitioner's claims, and found that Petitioner "waived any complaint regarding his alleged inability to confront state's witnesses." See <u>Rodriguez v. State of Texas</u>, No. 13-90-221-CR, slip op. at 3.

6.  Pursuant to the RULES OF GOVERNING § 2254 CASES, the factual findings of a state court are entitled to a presumption of correctness under 28 U.S.C. § 2254(e) (West 1996), <u>see also</u> <u>Marshall v. Lonberger</u>, 459 U.S. 422, 431-433, 103 S.Ct. 843, 849-850 (1983).  Further, as

the court noted in <u>Sumner v. Mata</u>, 449 U.S. 539, 551, 101 S.Ct. 764, 771 (1981), the burden is on the petitioner to establish by convincing evidence that the factual determination by the state court was erroneous, and a reviewing court must find that it was not fairly supported by the record before disregarding it. <u>Maggio v. Fulford</u>, 462 U.S. 112, 1032 S.Ct. 2261 (1983); <u>Lincecum v. Collins</u>, 958 F.2d 1271, 1278 (5th Cir.), <u>cert. denied</u>, 113 S.Ct. 417 (1992). In the instant case, Petitioner failed to meet his burden.

Because of the foregoing, it is **ORDERED** that Respondent's Motion for Summary Judgment be **GRANTED** and this cause of action be **DISMISSED with prejudice.**

DONE at Brownsville, Texas, this _____13_____ day of October, 1998.

_____
Hilda G. Tagle
United States District Judge